IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SANDRA LARA, | ) | Civil Action No. 4:12-2829 |
| | ) | Criminal No. 4:09-232-05 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On October 28, 2011, Petitioner, Sandra Lara ("Petitioner"), pled guilty to Count 1 of the Indictment in Criminal Case No. 4:09-232-5, charging her with Conspiracy to Possess with Intent to Distribute and Distribution of 5 Kilograms or More of Cocaine and 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841 and 846. (Docs. #234). On April 17, 2012, Petitioner was sentenced to 135 months of imprisonment and a 5 year term of supervised release to follow. (Docs. #295 and # 298). Petitioner did not file an appeal.

On September 28, 2012, Petitioner filed a *pro se* motion to vacate her sentence pursuant to 28 U.S.C. § 2255. (Doc. #312). In the motion, among other claims, Petitioner asserts that her counsel was ineffective for failing to file a notice of appeal on her behalf, despite her request that such a notice be filed. Petitioner states unequivocally: "I requested an appeal." (Doc. # 312). On November 1, 2012, the Government filed a response and moved for summary judgment. (Docs. # 329 and # 330). The Government attaches the affidavit of Petitioner's trial counsel who disputes Petitioner's claim that she requested that an appeal be filed on her behalf. (Doc. # 324). Counsel states that "[Petitioner] never once told me if she wanted to appeal" and that "she never made a decision either way." Id. On November 8, 2012, the Petitioner was advised by Roseboro Order that

she had 34 days in which to file a response to the Government's motion. (Doc. # 332). The Petitioner did not file a direct response, but did twice move the Court to appoint her counsel to handle her "appeal." (Docs. # 334 and # 335).

## 28 U.S.C. § 2255

United States Code Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. It is established that "[a] petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence." White v. United States, 352 F. Supp. 2d 684, 686 (E.D.Va., 2004), (citing Miller v. United States, 261 F.2d 546 (4th Cir.1958)).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Petitioner asserts in her motion that her counsel was ineffective for failing to file a notice of appeal on her behalf despite her request that he do so. The Fourth Circuit has concluded that "a criminal defense attorney's failure to file a notice of appeal when requested deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). This deprivation of the right to appeal entitles a petitioner to relief under 28 U.S.C. § 2255. See id.

Although the Petitioner did not, according to counsel, state clearly that she wanted to pursue an appeal, upon consideration of the record before it, the Court finds that Petitioner has sufficiently met her burden with respect to the appeal claim.

## CONCLUSION

For the foregoing reasons, it is **HEREBY ORDERED** that Petitioner's motion for relief under 28 U.S.C. § 2255 is **GRANTED**, although only with respect to Petitioner's claim that her attorney did not file a notice of appeal on her behalf despite her request that he do so**.** (Doc. # 312). Therefore, the Court hereby vacates Petitioner's sentence of conviction and immediately reinstates and reimposes her conviction. **Petitioner will have 14 days from the filing date of this Order to file a notice of appeal of her original conviction.** The remainder of Petitioner's claims are **DISMISSED** without prejudice. See United States v. Killian, No. 01-7470, 2001 WL 1635590 at *1 (4th Cir. 2001)(unpublished). The Government's Motion for Summary Judgement is **DENIED**. (Doc. # 330).

Furthermore, Petitioner's motions for the appointment of an attorney to assist in her appeal, (Docs. #334 and #335), are hereby **GRANTED**. Ms. Kathy Elmore is appointed to represent Petitioner in the direct appeal of her Criminal Case No. 4:09-232.

**IT IS SO ORDERED**.

                                                        s/Terry L. Wooten
                                                   United States District Judge

March 19, 2013
Florence, South Carolina