IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sandra Lara, ) | Civil Action No. 4:14-cv-00324-TLW |
| ) | Criminal No. 4:09-cr-00232-TLW |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| The United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the Court for consideration of the *pro se* Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Sandra Lara ("Petitioner"). Doc. #412. For the reasons stated below, the Court dismisses the petition.

I. **Factual and Procedural History**

On October 28, 2011, Petitioner pleaded guilty of Conspiracy to Possess With Intent to Distribute and Distribution of 5 Kilograms or More of Cocaine and 50 Grams or More of Cocaine Base in violation of 18 U.S.C. § 1951(a) and Possession of a Firearm in Furtherance of a Crime of Violence in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Docs. #227, 235. Petitioner was sentenced to 135 months of imprisonment. Doc. #298. Thereafter, on September 28, 2012, Petitioner filed a Pro Se Motion to Vacate under 28 U.S.C § 2255 ("first petition") alleging, among other things, that her attorney did not file a notice of appeal on her behalf despite her request that he do so. Doc. #312. This Court granted the Petitioner's first §2555 petition only with respect to this notice of appeal claim; the remainder of the Petitioner's claims were dismissed without prejudice. Doc. #347. Petitioner filed a notice of appeal on March 26, 2013, and on November 21, 2013, the Fourth Circuit Court of Appeals affirmed Petitioner's

1

conviction and sentence. Docs. #351, 407, 409. No petition for certiorari was filed. Doc. #421 at 1.

Petitioner filed the present § 2255 petition ("second petition) on February 3, 2014. Doc. #412. In it, Petitioner raises two claims, including a claim of ineffective assistance of appellate counsel. On March 11, 2014, Petitioner's appellate counsel, Kathy Price Elmore, filed an affidavit in response to the ineffective assistance claim. Doc. #419. The Government filed a motion for summary judgment and response in opposition to the second petition on March 17, 2014. Docs. #421, 422. Petitioner's response to the Government's motion for summary judgment was due on April 21, 2014; however, the Petitioner has not filed a response. The matter is now ripe for decision.

## II.  28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which the prisoner may claim such relief: (1) that the court imposed the sentence in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence exceeded of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C.A. § 2255.  "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'"  Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)).  The Leano court noted that this standard is "the proof needed to allege a

2

constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

**III. Standard of Review**

The Government filed a response and moved for summary judgment as to all grounds raised by Petitioner. Docs. #421, 422. In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Once the moving party meets its responsibilities by making and supporting a motion for summary judgment under Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which element that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23.

### IV. Analysis of Claims

In the present § 2255 motion, Petitioner asserts two claims for relief. See Doc. #412. These two grounds are, as expressed by the Petitioner:

(1) "Defendant was deprived of her right against 'cruel and unusual' punishment. Defendant was attributed 'enhancements' during the sentencing phase. These 'enhancements [sic] were not presented to a jury, nor proven beyond a reasonable doubt." Doc. #412 at 4.

(2) "Defense counsel failed to be available to the defendant, during the crucial period that her direct appeal was due to be filed. The defendant had 'no' knowledge, pertaining to her case, because defense counsel would not return phone calls, or respond to correspondence[.]" Id.

For the reasons outlined below, the Court finds that both claims are without merit.[1]

#### a. Ground 1

In Ground 1, Petitioner argues that she is entitled to habeas relief because sentencing enhancements were applied to her sentence without being first submitted to a jury. While not cited, Petitioner appears to rely on Alleyne v. United States, 133. S.Ct. 2151 (2013), which held that facts which increase the statutory minimum must be proved to a jury. However, Petitioner's claim for habeas relief on this ground is entirely without merit because her guideline range was not increased at sentencing based on any guideline enhancements. See Doc. #297, ¶¶ 60-69. As

---

[1] The Court also notes that Petitioner failed to respond to the Government's motion for summary judgment.

4

well, the Petitioner had no prior criminal history so there was no basis for increasing her sentence statutorily. See id., ¶¶ 52-56. The Petitioner points to nothing in the record to indicate her sentence was enhanced statutorily or as a result of any guideline enhancement. Additionally, the Presentence Report reflects that the Petitioner received a two level "safety valve" reduction under the guidelines. See id., ¶ 61. As a result, Petitioner is entitled to no relief on Ground 1.

b. **Ground 2**

In Ground 2, Petitioner argues that her defense counsel provided ineffective assistance by being unavailable "during the crucial period that her direct appeal was due to be filed." Doc. #412 at 4. Specifically, Petitioner claims that counsel failed to return phone calls or respond to correspondence. Because Petitioner does not specify whether she is directing this claim against her trial counsel – Richard Strobel ("Strobel") - or her appellate counsel – Kathy Price Elmore ("Elmore") – the claim is analyzed below as to both. Either way, this claim is without merit.

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance…." Id. at 689. The first inquiry – whether counsel's performance was deficient – may be bypassed if the claim is more easily disposed on lack of prejudice grounds. Id. at 697.

With regard to Strobel, Petitioner's claim is most easily disposed of on lack of prejudice grounds. As noted above, Petitioner was granted leave to file appeal when the Court granted relief on her first petition. Doc. #347. Thereafter, Petitioner's new appellate counsel, Elmore, filed an Anders brief on Petitioner's behalf. Doc. #351. Thus, despite any alleged shortcomings in Strobel's contact with the Petitioner, an appeal was ultimately filed on Petitioner's behalf. As a result, Petitioner suffered no prejudice and any claim against Strobel on these grounds is without merit

With regard to Elmore, Petitioner's claim is also most easily disposed of on lack of prejudice grounds. As noted above, even if Elmore failed to make herself available to the extent Petitioner desired, Petitioner ultimately received a timely appeal. Furthermore, as noted by the Fourth Circuit, Petitioner declined to file a pro se supplemental brief despite being advised of her right to do so. United States v. Lara, 546 F. App'x 282 (4th Cir. 2013). Finally, Petitioner has not identified any potentially meritorious claims that, but for Elmore's alleged lack of contact, Petitioner could have pursued on appeal. Thus, the Court finds that Petitioner has failed to show a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Therefore, any claim on these grounds against Elmore is also without merit.

c. Claims raised in Petitioner's first § 2255 petition

The Court notes that in its response in support of summary judgment, In addition to addressing the claims raised in the second petition, the Government's response also addresses claims raised in the first petition. See Doc. #421. While the second petition cites the first petition and lists its claims under the prior appeals section, see Doc. §412 at 2, Petitioner does not reassert those claims among the grounds for his second petition, see id. at 4. Furthermore, all issues raised in the first petition were previously dismissed with the exception of the right to

appeal issue, which is now moot. Nonetheless, to the extent Petitioner intended to reassert the claims raised in his first § 2255 petition, the Court finds they are without merit.

## CONCLUSION

The Court has carefully considered the filings, record, and relevant law. For the reasons discussed above, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, Doc. #412, is **DENIED**. The Government's motion for summary judgment, Doc. #422, is **GRANTED**. This action is **DISMISSED** with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
Chief United States District Judge

April 21, 2015
Columbia, South Carolina